

UNITED STATES DISTRICT COURT

for the

MIDDLE DISTRICT OF GEORGIA

---

**SHEREEN R GREENE**

'Plaintiff'

v.

**INTUIT, INC. d/b/a QUICKEN LOANS**

**ROCKET MORTGAGE**

**AMROCK, Inc., fka "TITLE SOURCE, INC."**

**MERS (Mortgage Electronic Registration Systems, Inc.**

**COOK & JAMES, LLC**

**ALL JOHN OR JANE DOES, Unknown Investors**

**JOHN ROES, Undisclosed Mortgage Aggregators, Wholesalers, Mortgage Originators, Loan Sellers, Trustees of Pooled Assets, Trustee for Holders of Certificates of Collateralized Mortgage Obligations, Investment Bankers, Future Buyers and Investors, Individually, Jointly and Severally**

also known as 'Defendants'

CASE NO __4:18 cv199__

~ AFFIRMATIVE REQUEST FOR JURY TRIAL INCLUDED ~

~ UNOPPOSED TO COURT-APPOINTED ATTORNEY IF ONE IS DEEMED NECESSARY FOR THE CASE TO PROCEED ~

## COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

   **A. The Plaintiff(s)**

   Name _Shereen R. Greene__

   Address _1318 21st Street__

   City and County __Columbus / Muscogee___

State and Zip Code __GA 31901__

Telephone No _404 491 1770___

Email Address _shereenrenee @ gmail . com__

**B. The Defendant(s)**

**1 INTUIT INC. d/b/a QUICKEN LOANS**

**c/o The Corporation Company**

Address_ 40600 Ann Arbor Rd East, Ste 201__

City / ST _Plymouth MI__ Zip __48170-4675__

Telephone __800-863-4322__

Email Address _ unknown___

**2 ROCKET MORTGAGE**

**c/o Intuit Inc. and/or Quicken Loans**

Address __635 Woodward Avenue__

City / ST __Detroit MI _ Zip _____

Telephone ___800 863 4332_____

Email Address __unknown__

**3 AMROCK INC. f/k/a TITLE SOURCE, Inc.**

**c/o The Corporation Company**

Address ___40600 Ann Arbor Road E Ste 201__

City ST _Plymouth MI _ Zip __48170__

Telephone __888 848 5355_____

Email Address _clientrelations@amrock.com___

**4 Mortgage Electronic Registration Systems, Inc., (MERS)**

**Mortgage Electronic Registration Systems, Inc., a Delaware Corporation; Mortgage Electronic Registration Systems, Inc., as Nominee for Quicken Loans and/or Rocket Mortgage**

**Corporate Headquarters**

Address _1818 Library Street, Ste 300_

City ST _Reston VA_____ Zip ___20190__

Telephone _800 646 6377_

Email Address _unknown___

5 **Cook & James, LLC**

**c/o Heather C. Wright, Esq.**

Address __945 East Paces Ferry Road Ste 2750__

City (Co) ST _Atlanta GA__ Zip __30326__

Telephone __404 704 0440___

Email Address _closings@attorneysignings.com_

II   Basis for Jurisdiction:

(A) Federal Question and (B) Diversity of Citizenship

A. Federal Question: (1) The Real Estate Settlement Procedures Act (**RESPA**), 1974, codified as Title 12, Chapter 27 of the United States Code, also with regard to the Good Faith Estimate (**GFE**) contained therein, 12 U.S.C. §§ 2601–2617. (2) The Truth in Lending Act (**TILA**), Regulation Z (12 CFR Part 226).

B. Diversity of Citizenship:

The Plaintiff.

Shereen R Greene, an unmarried individual, is a citizen of the State of Georgia.

The Defendants.

1 The Defendants, **Quicken Loans and Rocket Mortgage**, is/are incorporated under the laws of the State of Michigan and has its principal place of business stated as Detroit, Michigan.

2 The Defendants, **MERS (Mortgage Electronic Registration Systems, Inc.)** is incorporated under the laws of the State of Virginia and has its principal place of business stated as Reston, Virginia.

3 The Defendant, **Title Source Inc.** is incorporated under the laws of the State of Michigan and has its principal place of business stated as Troy, Michigan.

4 The Defendant, **Cook & James LLC** were the fiduciary escrow agents and notary signers on behalf of and as agents for *Quicken Loans and Rocket Mortgage*, located in the State of Michigan with its principal place of business stated as Detroit, Michigan; and/or for Title Source, Inc., now known as Amrock, Inc., with its principal place of business also located in Detroit, MI.

To-wit:

The Amount in Controversy is more than $75,000 because the "loan transaction" itself without any fees or costs has been reset to the loan origination amount without any payments for two years applied to principal or interest, as well as it has increased due to additional attorney fees and charges of an unknown amount, as well as any and all unapplied escrow costs, charges and fees that have accumulated over time.

## III STATEMENT OF CLAIM

1 In April of 2016, **INTUIT dba Quicken Loans Inc., and otherwise known as "Rocket Mortgage",** violated RESPA and TILA federal codes in the making of a home refinance loan advertised as "affordable" to the Plaintiff, and then proceeded to certify the loan as affordable as an "FHA"-insurable loan. In fact, INTUIT/Quicken Loans/Rocket Mortgage knew the loan was not affordable at the time the loan was certified through FHA (HUD) and was in violation of RESPA and Truth-in-Lending because the Escrows were calculated based on property taxes belonging to the Prior Owner of the property and not the property taxes of the current owner. In the State of Georgia, property taxes are assessed on January 1 of every year, and the property taxes used for the escrows were not an ACCURATE REFLECTION of the taxes because the current owner did not own the property on January 1, 2015.

The property was purchased by the current owner on March 13, 2015 and the loan was made by Quicken in April of 2016.

By the time the loan was made, the property taxes had been reassessed in the county at a value no less than 5x higher than the prior owner, but the escrows calculated by Quicken underwriters, in clear fiduciary violation of RESPA and TILA laws, were not based on accurate numbers nor did they reflect an accurate adjustment of reserves, as required by law, because the current owner's property taxes were not used to do the calculations, but those of the prior owner.

The prior owner was over the age of 65 and was exempted from school taxes, which represents 80-percent of their tax bill.

The current owner has not yet attained the age of 60, so even though a homestead exemption was sought and applied for and granted, it was nowhere near the same taxes as the prior owner. Current owner is under a property tax "freeze" in Muscogee County, so

the property taxes were the **same** in 2016 when the loan was made as they are at this very moment.

Loan was presented as "affordable" at 42-percent of the current owner's income, who then stated that she could afford no MORE than $550 per month maximum including escrows, interest, and principal payments, and the loan payments were given as $518 and some change per month, but she paid $550 and asked that the additional payments be made to principal balance.

The loan, in 2016, became "suddenly unaffordable" at more than 50-percent of the current owner's income due to the escalated amount of property taxes, but the taxes had not changed one penny from what they were in 2016 on origination.

The only thing that changed is the current owner's social security payments are higher now than they were at the time.

Upon investigation, current owner discovered that her property taxes were not used at the time of the Loan Origination, but the taxes of the prior owner as of January 1, 2015, at which time current owner did NOT own the home, nor were the taxes assessed at that time those of the current owner.

2 On or about August or September of 2018, **Mortgage Electronic Registration Systems, Inc..** was assigned the Security Deed for the purpose of pre-foreclosure on the subject property, however MERS is not a material beneficiary nor the owner of the debt and should not be allowed to be assigned any debt or judicial or non-judicial foreclosure proceedings associated with this property.

3 **Title Source, Inc.,** was contractually hired by UNTUIT/Quicken Loans/Rocket Mortgage as a fiduciary title agent to secure title to the property by a title search showing CLEAR TITLE to the home with its ensuing property taxes as shown in the county under the Tax Assessor's office and as billed by the Property Tax agency in Muscogee County. Either they failed to provide the correct information regarding the ownership of the home and the correct property taxes as assessed, or they provided the correct property taxes to INTUIT/Quicken Loans/Rocket Mortgage and the underwriters responsible for the loan failed to use the current owner's property taxes as assessed, thus causing an egregious error in escrow calculations that led to the monthly payments being changed from an affordable $518 per month to an unaffordable $621 per month, though the property taxes of the current owner had never changed.

4 **Cook & James LLC** was contractually hired either by INTUIT/Quicken Loans/Rocket Mortgage or by Title Source, Inc., to be the Notary Closing Agent for this loan, the Plaintiff does not know which. The Notary Closing Agent stated that he drove from "way out of town" out of another county to close the loan, but there were many closing agents available in town at the time who were available to be used. In Georgia, the Closing Agent also has a fiduciary duty to review all documents to make sure they are in compliance with state and federal laws and to make certain "the numbers are correct"

prior to a closing. The Closing Agent was either supplied with improper and inaccurate taxes that were not the property taxes of the current homeowner for the purpose of securing escrows for a HUD-insured loan, or the Closing Agent took no particular notice of the egregious error and did nothing to insure the accuracy of the amounts, fees, and estimated escrows and taxes, as required by RESPA, HUD/FHA, and the Truth in Lending Act. This act alone led to the material change of the monthly payments from an affordable $518 to an unaffordable $621, which represented more than 50-percent of current homeowner's at the time of the closing and still represents more than 50-percent now that the current homeowner's only income has increased and not decreased.

These numerous overlooked and/or intentional errors caused the homeowner to default not because of failure to pay, but because the escrows were calculated not based on the current owner's property taxes, but those of the prior owner at a time when the current homeowner did NOT own the subject property.

If the loan is *unaffordable* at this time, then it was *unaffordable* at origination.

Current homeowner has sought relief through application for a conventional uninsured loan in which she would be responsible for her own property taxes and insurance and this was denied by the same lender who refused to correct their error and bring the payments back down to where they needed to be. She was also then told that they would re-do the loan only if she would pay them $3,800 to $4,000 in upfront fees to change the loan from FHA-insured to Conventional Uninsured.

Current homeowner has also sought relief through the Georgia HOMESAFE program, but was denied on application and appeal due to the property not being deemed as "underwater," because there is more than $50,000 of equity left in the home above and beyond this loan amount, according to its appraisals.

Current homeowner has requested and has been denied the opportunity to have "co-clients" to help to prevent the foreclosure of the home, and was told by INTUIT/Quicken Loans/Rocket Mortgage that any "co-clients" would have to live in the home as well as "assume the mortgage" when they have no requested a loan assumption. They state that Plaintiff cannot afford to keep the loan at this time, but nothing has MATERIALLY changed since April 2016 except for an *increase* in current owner's monthly income, which as lower in 2016. If the loan is unaffordable now, it was unaffordable at the time and Lender and its underwriting department and all others involved were aware of it at the time that Homeowner was enticed under false pretenses to sign for the loan.

---

## IV RELIEF

1. Seeking actual damages in the amount of the current defaulted payments caused by Intuit/Quicken/Rocket Mortgage up to $10,000.00 to cure the default.
2. And/or, in lieu of Relief sought under Number 1, seeking actual damages in the amount of $80,000.00-plus in order to pay off the loan in full, any arrearages, all

accrued attorney costs and foreclosure costs and fees that were caused by INTUIT/Quicken/Rocket Mortgage, in order to satisfy the current debt and cancel it out as PAID IN FULL with no other liabilities due or owed by Plaintiff to any Defendants and/or their fiduciary agents or and/or investors and/or assignees, known or unknown.

3  *And* seeking punitive damages in the amount of $7,000,000.00 Million (SEVEN MILLION DOLLARS) due to the public humiliation, public display of foreclosure as to the allegedly "defaulted loan" caused by a defalcation on the part of INTUIT/Quicken/Rocket Mortgage, and because their actions did, in fact and in part and in whole, materially cause the Current Homeowner's credit score in TransUnion, Equifax, and Experian to decrease from 699 to less than 550. Also, because Plaintiff and current homeowner is put in jeopardy of having to file a Chapter 7 bankruptcy due to actions of the "Lender" herein named, though a Chapter 7 bankruptcy finalized in 2010 which was due to be taken off of the credit report of the Plaintiff as of April of 2020. *And* because of their actions, Plaintiff also went to additional expenses for certified mailing, postage costs, printing costs, paper costs, and extended time to file numerous applications, numerous appeals, and then as to the "going forward" of this COMPLAINT, which would not have been necessary except for Defendants' negligent and malfeasant actions with regard to the non-judicial foreclosure proceedings. Ineligibility for Food Stamps or other public assistance or programs forced Plaintiff to extensively use credit cards for basic household needs and food, which Plaintiff has not normally done in the past. This, in turn, has caused my personal liabilities to increase from less than $100 per month to more than $500 per month.

4  *And* seeking actual damages in the amount of $550.00 to Liberty Utilities to have the gas to the home reconnected, which was paid in full every month ON TIME until the Defendants caused a default on the loan, which caused the "domino effect" of the loss of one of the utilities, which gas utility is still off at this time.

5  *And/or* , in lieu of relief sought in Number 1 and/or 2 as shown above, seeking actual damages in the amount of $55,000.00 to account for the loss of excess equity in the home due to any foreclosure, judicial or non-judicial, which do not recoup the loss of any unsecured equity in the home valued and appraised at no less than $50,000 above the stated loan amount that is said to be in 'default,' a default caused by Defendants, INTUIT/Quicken/Rocket Mortgage and not by Plaintiff.

6  *And* seeking PERMANENT and MANDATORY INJUNCTION of current and future non-judicial foreclosure proceedings on the courthouse steps of any court in Muscogee County, Georgia with regard to MERS, INTUIT/QUICKEN LOANS/ROCKET MORTGAGE or any of its agents, investors, buyers and assignees, arising as a matter of any "defaulted" loan on behalf of the Plaintiff, current homeowner and/or any others who are Party to this current matter at law.

There is more equity in the subject property than what is stated to be "owed" on the loan.

7. *And* seeking that INTUIT/QUICKEN LOANS/ROCKET MORTGAGE must pay any and all attorneys fees and all other and further fees and costs associated with these proceedings and all and any other costs and fees incurred in their attempts to non-judicially foreclose on Plaintiff's property on October 2, 2018 or on any future dates, if or when that happens to be the case.

## V CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/28/2018

Signature of Plaintiff _____

Printed Name of Plaintiff SHEREEN R. GREENE

1318-21st Street
Columbus Ga 31901
mbl 706 304-8424