```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

SHEREEN GREENE,                    *

    Plaintiff,                 *

vs.                                *

ROCKET MORTGAGE, AMROCK, INC.      *
*f/k/a Title Source, Inc.*,                     CASE NO. 4:18-CV-199 (CDL)
MORTGAGE ELETRONIC REGISTRATION    *
SYSTEMS, INC., COOK & JAMES
LLC, QUICKEN LOANS, ADT            *
SECURITY SERVICES, INC.,
LIBERTY UTILITIES, JOHN DOES,      *

    Defendants.                *

## O R D E R

Plaintiff Shereen Greene, proceeding pro se, brought this action against various entities based on the refinancing of her home by Quicken Loans ("Quicken"). *See* Am. Compl. 4, ECF No. 4. She claims Quicken miscalculated her escrow payments by using the property taxes assessed for the prior owner. *Id*. Plaintiff claims her property taxes were five times higher than the prior owner's. Therefore, her monthly payment was $100 higher than anticipated. *Id*. at 6. This increased payment caused Plaintiff to default on the loan. *Id*.[1]

---

[1] The Court granted Plaintiff's motion to proceed *in forma pauperis* on November 1. *See* Order (Nov. 1, 2018), ECF No. 8. Based on her IFP status, the United States Marshal mailed process waivers to Defendants on November 7-8. *See* USM 285, ECF No. 13; USM 285, ECF No. 14. The docket currently indicates that no Defendants have waived service or otherwise responded at this time.

Plaintiff now seeks a preliminary injunction or temporary restraining order to enjoin a foreclosure sale of the property scheduled on January 2, 2019. A plaintiff seeking a temporary restraining order must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if relief is not granted; (3) that the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) that entry of relief would serve the public interest." *Siebert v. Allen,* 506 F.3d 1047, 1049 (11th Cir. 2007). Here, Plaintiff has failed to present persuasive argument that she can satisfy these elements. Because the foreclosure sale is more than a month away, the Court finds it inappropriate to grant the immediate *ex parte* injunctive relief that she seeks. Therefore, Plaintiff's motion for a temporary restraining order (ECF No. 15) is denied. The Court does find, however, that a hearing on Plaintiff's motion for preliminary injunction should be held prior to the scheduled foreclosure. Accordingly, a hearing on Plaintiff's motion for preliminary injunction shall be held on December 13, 2018 at 2:00 P.M. at the United States Courthouse in Columbus, Georgia.

Plaintiff seeks to add Rubin Lublin, LLC as a defendant. It is unclear whether Plaintiff has met the prerequisites to amend her complaint as a matter of right pursuant to Rule 15 of the Federal Rules of Civil Procedure. But even if she has not, the Court finds that justice requires that she be allowed to do so.

Accordingly, her motion to add Rubin Lublin, LLC as a defendant is granted.  Plaintiff shall file her amended complaint within 7 days of today's Order.  Upon docketing of the amended complaint, the clerk shall issue a USM 285 form for Rubin Lublin, LLC at the address provided in Plaintiff's motion to amend and direct service by the Marshal pursuant to the *in forma pauperis* procedures.

    IT IS SO ORDERED, this 21st day of November, 2018.

                                S/Clay D. Land
                                CLAY D. LAND
                                CHIEF U.S. DISTRICT COURT JUDGE
                                MIDDLE DISTRICT OF GEORGIA