IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SHEREEN GREENE,<br><br>    Plaintiff,<br><br>v.<br><br>ROCKET MORTGAGE, AMROCK, INC. F/K/A TITLE SOURCE, INC., COOK & JAMES LLC, QUICKEN LOANS, ADT SECURITY SERVICES, INC. LIBERTY UTILITIES, JOHN DOES, RUBIN LUBLIN, LLC,<br><br>    Defendants. | Case No. 4:18-CV-199 (CDL) |

**RUBIN LUBLIN, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW, Rubin Lublin, LLC ("Rubin Lublin"), a named defendant in the above styled action, and files this Memorandum of Law in Support of its Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this honorable court as follows:

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

This action represents an attempt by a *pro se* Plaintiff to stall foreclosure of a home despite a failure to honor her mortgage obligation. The property that is the subject of this litigation is located at 1318 21st Street, Columbus, Georgia 31901 (the "Property"). On March 13, 2015, Plaintiff purchased the Property. She obtained a loan from Quicken Loans, Inc. in April of 2016. [Doc. 17].

Plaintiff alleges violations of RESPA and TILA stating that her loan was advertised as "affordable" but is not in fact within her definition of affordability. She also avers that escrow

1

payments for her loan were calculated using a tax assessment for a previous year and that the difference in assessed value for the correct year has added an unexpected $100.00 to her monthly payment. [Doc. 17]. Plaintiff further states that this unforeseen increase caused both her to default on her loan and "to increase [monthly expenses for food and household needs] from less than $100 per month to more than $500 per month. [Doc. 17].

Plaintiff filed the instant action alleging violations of the Real Estate Settlement Procedures and Truth in Lending Acts on September 28, 2018. [Doc. 1]. On October 3, 2018, Plaintiff filed her first amended complaint as a matter of right to substitute several Defendants. [Doc. 4]. On November 19, 2018, Plaintiff filed a Motion requesting an injunction to stop foreclosure, or in the alternative to permit her to amend her complaint a second time and add Rubin Lublin as a Defendant. [Doc-15]. In its order entered on November 21, 2018, this Court denied issuance of a restraining order, and instead scheduled the injunction for a hearing on December 13, 2018 but granted Plaintiff leave to amend her pleading. [Doc. 16]. The operative Complaint was filed on November 26, 2018. [Doc. 17].

Notably, while this latest iteration of the Complaint is titled 'amended' such designation is in name only. [Doc. 17]. Plaintiff's second amendment is identical in substance to its predecessor, and though Rubin Lublin has been added as a party it is mentioned only in the style and in an addendum reciting the date of the amendment. Nowhere in the Complaint are there any factual allegations or claims against Rubin Lublin and as such it must be dismissed from this case.

## ARGUMENT AND CITATION OF AUTHORITY

### A.  STANDARD OF REVIEW

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (*citing Twombly*, 550 U.S. at 555). "Rule 8 marks a notable and generous departure from the hyper-technical code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

### B.  THERE ARE NO ALLEGATIONS OR CLAIMS AGAINST RUBIN LUBLIN

Plaintiff's complaint completely fails to state a claim against Rubin Lublin. The second amended complaint contains only two mentions of Rubin Lublin: the first in the style, and the second in a paragraph identifying the date it was added as a party. *See* [Doc. 17]. There are no facts plead whatsoever to show that Rubin Lublin had any part in the alleged characterization of Plaintiff's loan as "affordable" or in any miscalculation of her escrow payment. *See* [Doc. 17]. Moreover, there is no mention of Rubin Lublin within the Complaint to indicate any wrongdoing or involvement with her claims whatsoever. *See* [Doc. 17]. Fed. R. Civ. P. 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and

does not authorize a pleader's "bare averment that he wants relief and is entitled to it"). *Twombly*, 550 U.S. at 556. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests." *Twombly*, 550 U.S. at 556. Having completely failed to satisfy this notice requirement as to Rubin Lublin, it must be dismissed from this case.

## CONCLUSION

Based on the foregoing, Rubin Lublin respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 3rd day of December 2018.

/s/ Bret J. Chaness
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (telephone)
(404) 921-9016 (facsimile)
bchaness@rubinlublin.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 3rd day of December 2018, served the within and the foregoing by placing a true and correct copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

Shereen Greene
1318 21st Street
Columbus, Georgia 31901

Thomas F. Gristina
P.O. Box 1199
Columbus, Georgia 31902

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)