IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SHEREEN GREENE, | * |
| Plaintiff, | * |
| vs. | * |
| ROCKET MORTGAGE, AMROCK, INC. *f/k/a* TITLE SOURCE, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., COOK & JAMES LLC, JOHN AND OR JANE DOES, QUICKEN LOANS, ADT SECURITY SERVICES, INC., LIBERTY UTILITIES, and RUBIN LUBLIN LLC, | *  *  CASE NO. 4:18-CV-199 (CDL)  *  *  * |
| Defendants. | * |

O R D E R

Shereen Greene defaulted on a home refinance loan issued by Quicken Loans ("Quicken"). She then brought this action against Quicken and several other Defendants alleging violations of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and Georgia law. Quicken moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Procedure 12(b)(6).[1]

---

[1] Plaintiff does not meaningfully distinguish the conduct of Quicken, Amrock, or MERS that she contends is unlawful. These defendants jointly moved to dismiss. The Court therefore refers to these defendants collectively as "Quicken." Plaintiff also named "Rocket Mortgage" as a defendant. "Rocket Mortgage" is the name of a Quicken product, not an

1

Plaintiff first alleges that her loan escrow payments were miscalculated in violation of RESPA. Even if her payments were miscalculated, RESPA provides no private cause of action for violations of the applicable statutory provision. *See Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006) ("Under § 10, no private right of action exists because 'the Secretary shall assess to the lender or escrow servicer failing to submit the statement a civil penalty.'" (quoting 12 U.S.C. § 2609(d)(1))); *see also* 12 C.F.R. §§ 1024.8 & 1024.35 (providing no private cause of action). Accordingly, Plaintiff's complaint fails to state a plausible claim for a violation of RESPA.

In her only other remaining federal claim, Plaintiff alleges a violation of TILA. Unlike the relevant RESPA provisions, TILA does provide a private right of action. 15 U.S.C. § 1640(a). Such an action, however, must be brought within one year "from the date on which the first regular payment of principal is due under the loan." *Id*. § 1640(e); *see also Frazile v. EMC Mortg. Corp.*, 382 F. App'x. 833, 838 (11th Cir. 2010) (per curiam) ("[A] TILA nondisclosure 'violation "occurs" when the transaction is consummated,' in other words, at the time of closing of a residential mortgage transaction." (quoting *In re Smith*, 737 F.2d

---

entity capable of being sued. Accordingly, her claims against "Rocket Mortgage" are dismissed.

2

1549, 1552 (11th Cir. 1984))). Even assuming a TILA violation, Greene's action is untimely. Her loan transaction was consummated in April 2016. And she brought this action nearly two and a half years later in September 2018.

Based on the foregoing, Plaintiff's federal claims must be dismissed; Quicken's motion to dismiss (ECF No. 46) is therefore granted as to Plaintiff's federal claims. Further, to the extent Plaintiff alleges federal claims against any other Defendants, including Defendants that did not file motions to dismiss, the Court finds that those claims must also be dismissed for the same reasons. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Miley v. Thornburg Mortg. Home Loans Inc.*, 613 F. App'x 915, 916 (11th Cir. 2015) (per curiam) (*sua sponte* dismissal authorized for failure to state a claim asserted by plaintiff proceeding *in forma pauperis*); *Bricker v. Cobb Cty. Gov't & Pers.*, 399 F. App'x 463, 463-64 (11th Cir. 2010) (per curiam) (*sua sponte* dismissal authorized on statute of limitations grounds for claim asserted by plaintiff proceeding *in forma pauperis*).

Having dismissed all of Plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.[2] 28 U.S.C. § 1367(c)(3). Those claims are therefore dismissed without prejudice. Plaintiff

---

[2] The Court's jurisdiction is based solely upon federal question given that complete diversity of citizenship does not exist among the parties.

3

may pursue those claims in state court.  But this action is dismissed in its entirety.[3]

IT IS SO ORDERED, this 28th day of February, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] Rubin Lublin LLC and Liberty Utilities' motions to dismiss (ECF Nos. 20 & 31) are denied as moot.